## No. 16,020.

### CROSS *v.* McNICHOLS, AUDITOR.
(195 P. [2d] 975)

Decided June 28, 1948.   Rehearing denied July 26, 1948.

Mr. WILLIAM E. DOYLE, for plaintiff in error.

Mr. J. GLENN DONALDSON, Mr. ARTHUR C. GREGORY, for defendant in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is an action brought pursuant to the provisions of rule 106 R.C.P. Colo. by Florence A. Cross, on behalf of herself and minor children, against William H. Mc-

Nichols, auditor of the City and County of Denver, to compel the issuance of a city warrant in the sum of $2,500, as directed by the city council by ordinance of said city, in payment of an alleged "moral obligation" resulting from the murder of William L. Cross, plaintiff's deceased husband, by Frank Cowgill, a Denver police officer, while the latter was off duty, and under circumstances more fully hereinafter related. It is claimed by the plaintiff that the defendant, in refusing to approve the payment, exceeded his jurisdiction and abused his discretion.

A motion by plaintiff for summary judgment was overruled by the trial court, the complaint dismissed, and judgment entered in favor of defendant and against plaintiff for costs, which judgment we are here asked to reverse on writ of error.

Frank Cowgill, a police officer of the City and County of Denver, together with another police officer and William L. Cross, plaintiff's deceased husband, were participants in an all-night drinking spree, which culminated at 6:30 a.m., June 20, 1946, with the fatal shooting of Cross by Cowgill on a downtown street. Both of the police officers were off duty during all of the time above mentioned.

Thereafter an ordinance of the city was duly passed, appropriating the sum of $2,500, and directing payment thereof by defendant to plaintiff, in which ordinance it was recited, inter alia, that: "Whereas, the City and County of Denver is not legally liable for the action aforesaid, it is believed that the City and County of Denver has the moral obligation and responsibility to alleviate the distress in the family of William L. Cross, deceased * * *."

In his brief counsel for plaintiff states: "We conceded at the very outset that no legal obligation exists. At no time have we contended that we could sue the City and County of Denver and recover in an action at law. Our position is and has been, however, that the facts are and

were such that the City Council, the legislative body of the City and County of Denver, was justified in making a finding that there existed a moral obligation sufficient to warrant their making an appropriation for the benefit of the plaintiff. Therefore the issue is simple and clear and it may be stated thus, whether conceding negligence of the officers and agents of the City and County of Denver toward the plaintiff the City Council was nonetheless acting illegally in finding that there existed a moral obligation toward plaintiff, the widow of the slain man."

An action is authorized under the above mentioned rule where a public official, "exercising judicial or quasi-judicial functions has exceeded its [his] jurisdiction or abused its [his] discretion, and there is no plain, speedy and adequate remedy. * * * Review shall not be extended further than to determine whether the inferior tribunal [officer] has exceeded its [his] jurisdiction or abused its [his] discretion."

In determining the question as to whether or not defendant exceeded his jurisdiction or abused his discretion, it is necessary that we examine sections 139 and 140, 1927 compilation, of the charter of the City and County of Denver. By the latter section it is made the duty of the defendant (auditor) to "determine that the money is *legally* due, its payment authorized by law * * *," and by the former section, that no "money [is] disbursed * * * contrary to law." In neither of said sections nor in any other provision of the charter is the auditor authorized to issue warrants upon the treasurer of the city in payment of purely moral obligations. He is forbidden by the above sections of the charter to disburse city funds unless there is a legal liability therefor.

The judgment of the trial court dismissing the complaint is affirmed.

Mr. Justice Hilliard dissents.

Mr. Justice Luxford not participating.